IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CORY WINGER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF DETENTION<br><br><br><br>Case No. 2:11-CR-470 TS |

Defendant was indicted on June 6, 2011, on one count of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1), one count of possession of a firearm and ammunition by a drug user in violation of 18 U.S.C. § 922(g)(3), and one count of possession of marijuana, a schedule II controlled substance, in violation of 21 U.S.C. § 844(a). Magistrate Judge Nuffer conducted a detention hearing on July 6, 2011, and ordered Defendant be detained pending trial due to a risk of danger to the community and a risk of non-appearance.

Defendant has now filed the instant Motion seeking review of the Magistrate Judge's detention order. The Court held a hearing on Defendant's Motion on September 15, 2011. For the reasons set forth below, the Court will deny the Motion.

1

I. LEGAL STANDARD

The Court considers Defendant's request for a review of the Magistrate Judge's order detaining Defendant under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[1] The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[2] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[3]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[4] Therefore, the Defendant will be released unless the government proves either a risk of flight by a preponderance of the evidence or dangerousness to any other person or to the community by clear and convincing evidence.[5]

---

[1] "Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant . . . ."

[2] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[3] *Lutz*, 207 F.Supp. at 1251.

[4] 18 U.S.C. § 3142(b),(c), and (e).

[5] *Cisneros*, 328 F.3d at 616.

To determine whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[6]

## II. DISCUSSION

Considering these factors, the Court finds that are no conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other person and the community. First, the nature and circumstances of the offense charged. Possession of a firearm and ammunition by a convicted felon is a serious offense, and is an 18 U.S.C. § 3142(f)(1) offense that can, when coupled with other factors, switch the presumption to one of detention.[7] Furthermore, as it involves a firearm, it falls squarely within the list of enumerated factors in 18 U.S.C. § 3142(g) that the Court is to consider.

---

[6] 18 U.S.C. § 3142(g).

[7] 18 U.S.C. § 3142(e)(2).

Second, the weight of the evidence is strong. The government proffered evidence at the September 15, 2011 hearing indicating that there was strong evidence to support conviction, and Defendant did not dispute this characterization at the hearing

Third, there are a number factors concerning the history and characteristics of Defendant which support detention. Chief among those factors is Defendant's repeated failure to appear. This has been a reoccurring issue and suggests that there are not conditions of release that will reasonably assure the appearance of the Defendant. Defendant's mental health history and substance abuse history are additional factors that support a finding that Defendant is a flight risk and poses a risk of danger the community. The Defendant's extensive criminal history, including a number of felony convictions, is an additional factor against release. This history is lengthy and interrupted only by periods of incarceration. Finally, this history includes a conviction for assault and convictions for a number of other crimes that could lead to harm to others, including burglary of a building and fleeing causing property damage or bodily injury.

Based on the above factors, the Court finds that Defendant is both a flight risk and poses a danger to any person or the community if released.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Detention (Docket No. 25) is DENIED. It is further

ORDERED that Defendant shall be DETAINED pending trial.

DATED   September 16, 2011.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge